**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4082
_____

LIDYA MARIA RADIN,
                                        Appellant
v.

JERSEY CITY MEDICAL CENTER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-04695)
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: March 31, 2010 )
_____

OPINION
_____

PER CURIAM.

        Lidya Radin appeals pro se from the District Court's order dismissing her

complaint.  For the reasons that follow, we will affirm.

1

In September 2009, Radin filed a complaint[1] and an application to proceed without payment of fees. Her complaint was one piece of paper containing only a caption heading. The complaint listed "Jersey City Medical Center, et al." as defendants, but did not identify the defendants. Radin attached various documents to her complaint, including a letter to the District Court Clerk in which she indicated that she was "filing but not serving the civil complaint." She also made a variety of allegations in the letter and attachments, but failed to set forth any grounds for relief sought, any laws that were violated, or how the District Court had jurisdiction.

The District Court granted Radin's application to proceed without payment of fees under 28 U.S.C. § 1915. However, considering the documents accompanying the complaint, the District Court determined that Radin failed to state a claim on which relief may be granted. Accordingly, the court dismissed Radin's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Radin timely appealed.

We have appellate jurisdiction to review the judgment, and our review is plenary. See 28 U.S.C. § 1291; Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir. 2007). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] We refer to the document as a complaint for lack of a better description.

Fed. R. Civ. P. 8 sets forth the general rules of pleadings. In order to state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, claim(s) showing how the pleader is entitled to relief, and the relief sought. A blank piece of paper containing only a caption does not conform to these requirements. Because Radin was proceeding in forma pauperis, the District Court was within its authority to dismiss the action under 28 U.S.C. § 1915(e)(2).

Although Radin argues in her pro se brief that she planned to replace her pleading with an amended complaint the very next day, we find no legal authority that allows a plaintiff to file a blank document as a proxy or placeholder. A civil action commences once a complaint is filed with the court. See Fed. R. Civ. P. 3. While a court generally must inform and grant leave to a plaintiff to amend a deficient complaint, it is not required to under the present circumstances. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[2] For these reasons, we will affirm the District Court's dismissal.

---

[2] Although the District Court dismissed the complaint with prejudice, we cannot say that it will have a preclusive effect because the complaint did not state any claims against any parties.